UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2:07-cr-136-FtM-29 DNF

        8:1324(a)(1)(A)(iii)
        8:1324(a)(1)(A)(v)(I)
        8:1324(a)(1)(B)(i)

CESAR NAVARRETE         8:1326(a)(2)
  a/k/a CESAR NAVARRETE         8:1326(a) and (b)(1)
  a/k/a ABRAHAM MENDOZA         18:2
GEOVANNI NAVARRETE         18:241
  a/k/a GIOVANNI NAVARRETE         18:982
JOSE NAVARRETE         18:1546
  a/k/a "PEPE"         18:1581
  a/k/a LUIS TREJO         18:1584
VILLHINA NAVARRETE         18:1594
  a/k/a VIRGINIA NAVARRETE         42: 408(A)(7)(B)
ISMAEL MICHAEL NAVARRETE         8:1324(b) (Forfeiture)
  a/k/a MICHAEL NAVARRETE
  a/k/a JUAN JUAREZ
  a/k/a JUAN ZUNIGA RAMIREZ
  a/k/a ISRAEL NAVARRETE
ANTONIA ZUNIGA VARGAS
  a/k/a ANTONIA ZUNIGA
  a/k/a ANTONIA NAVARRETE SUNIGA

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

(18 U.S.C. §241) (Conspiracy To Deprive Civil Rights)

From a date unknown, but at least by April 1, 2005, to on or about December 20, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE, and
GEOVANNI NAVARRETE,

and others known and unknown to the grand jury, did knowingly and intentionally conspire to injure, oppress, threaten, and intimidate persons, that is, undocumented foreign nationals from Mexico and Guatemala, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, in the free exercise and enjoyment of the rights and privileges secured to them by the Constitution and the laws of the United States, that is, the right to be free from involuntary servitude, as secured by the Thirteenth Amendment of the United States Constitution.

## Manner and Means

1. It was part of the conspiracy that the defendants, and others known to the grand jury, used force, violence, and physical restraint and threats of force, violence, and physical restraint against their workers to compel their labor as agricultural workers.

2. It was part of the conspiracy that the defendants failed to pay workers for worked performed yet advanced credit for food, shelter, alcohol, and personal expenses - to create worker debt - then threatened to beat workers if they left the defendants' employment as a means to compel the workers' labor.

3. It was part of the conspiracy that the defendants advanced money to the workers to buy alcohol to encourage and ensure their drinking - then defendants preyed upon the workers' alcohol addiction as a means to compel workers' labor.

4.  It was part of the conspiracy that the defendants kept workers in an unsafe and unhealthy living environment by providing substandard housing - crowded trailers, vans, trucks, and shacks; feeding workers only two meals a day, six days a week; and by exposing workers to unsafe and unclean conditions.

5.  It was part of the conspiracy that the defendants maintained possession and control over the workers' identification documents including grower identification cards.

Overt Acts

In furtherance of the conspiracy, the defendants committed the following overt acts:

6.  In or about May 2005, defendant Cesar Navarrete stopped paying his workers then told LMD and other workers that if they went to work for anyone else he would find them, beat them and their new employer.

7.  On an unknown date, at the Navarrete property in Collier County, Florida, defendant Cesar Navarrete grabbed AL and locked him in the back of a yellow truck for approximately four hours because AL wanted to leave his employment.

8.  On an unknown date, approximately a month after A was locked in the truck, defendant Cesar Navarrete hit AL because he wanted to leave his employment.

9.  In or about 2006, in South Carolina, defendant Cesar Navarrete slapped and kicked LSL because he did not want to work then locked him in a truck for 6 hours.

10. In or about June 2007, in DeSoto County, Florida, on a morning when LMD

did not want to work, defendants Cesar Navarrete and Geovanni Navarrete picked up LMD, threw him in the back of a truck, beat LMD in the body, head, and mouth causing him injury and pain.

11. In or about July or August 2007, in Walterboro, South Carolina, defendant Geovanni Navarrete and others known to the grand jury, chained PSG's feet together and to a pole to prevent him from leaving their employment.

12. In or about September 2007, in North Carolina, defendant Geovanni Navarrete struck APS because he was sick and could not work.

13. In or about September 2007, in North Carolina, defendant Geovanni Navarrete struck APS near his eye causing serious injury to his eye.

14. Between on or about June 11, 2007, through November 30, 2007, defendant Cesar Navarrete beat LSL almost daily.

15. In or about September 2007, in North Carolina, defendant Cesar Navarrete kicked JVD in the ribs to make him go to work.

16. In or about September 2007, in North or South Carolina, defendant Cesar Navarrete ordered the beating of DC by others known to the grand jury because he was drunk and did not want to work.

17. In or about mid to late November 2007, in Collier County, Florida, defendant Geovanni Navarrete and others dragged ATR out of the shack on the Navarrete property where he was sleeping at night time and severely beat him causing injury to his body and head.

18. In or about November 2007, defendant Cesar Navarrete and others known to the grand jury, hit and kicked RRC because he left the Navarrete property without permission and went to the Coalition of Immokalee Workers office.

19. On or about November 19, 2007, in Collier County, Florida, defendants Cesar Navarrete and Geovanni Navarrete, and others known to the grand jury, beat LMD then locked him, JHM, JVD, and two other workers in the back of a box truck to prevent them from leaving and to ensure they would be available for work the following morning.

## COUNT TWO

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by April 1, 2005, to on or about November 30, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

>    CESAR NAVARRETE, and
>    GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, MLD, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

## COUNT THREE

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by June 1, 2007, to on or about

November 30, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

> CESAR NAVARRETE, and
> GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, ATR, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

## COUNT FOUR

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by April 1, 2007, to on or about November 30, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

> CESAR NAVARRETE, and
> GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, RRC, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

## COUNT FIVE

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by July 1, 2007, to on or about November 30, 2007, in Collier County and DeSoto County, in the Middle District of Florida,

and elsewhere, defendants,

>  CESAR NAVARRETE, and
>  GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, PSG, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

## COUNT SIX

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by November 30, 2005, to on or about December 20, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

>  CESAR NAVARRETE, and
>  GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, JHM, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

## COUNT SEVEN

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by August, 2007 in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE, and
GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, JRS, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

### COUNT EIGHT

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by May 1, 2006, to on or about December 20, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE, and
GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, JVD, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

### COUNT NINE

(18 U.S.C. §1584, §2, and §1594) (involuntary servitude and attempt)

From a date unknown, but at least by June 1, 2007, to on or about December 20, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE, and
GEOVANNI NAVARRETE,

aiding and abetting each other, and together with other persons, knowingly and willfully held and attempted to hold another person, namely, APS, in a condition of involuntary servitude.

All in violation of Title 18, United States Code, Section(s) 1584, 2, and 1594.

## COUNT TEN

(18 U.S.C. §1581(a), §2, and §1594) (peonage and attempt)

From a date unknown, but at least by November 30, 2005, through in or about November 29, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE, and
GEOVANNI NAVARRETE,

aiding and abetting each other, held and attempted to hold RRC and APS in a condition of peonage.

All in violation of Title 18, United States Code, Section(s) 1581(a), 2, and 1594.

## COUNT ELEVEN

( 8 U.S.C. §1324(a)(1)(A)(iii), and §1324(a)(1)(A)(v)(I), and §1324(a)(1)(B)(i))
(Conspiracy to Harbor for Commercial Advantage/private financial gain)

From a date unknown, but at least by November 30, 2005, to on or about November 29, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE,
GEOVANNI NAVARRETE,
JOSE NAVARRETE,

VILLHINA NAVARRETE,
ISMAEL MICHAEL NAVARRETE, and
ANTONIA ZUNIGA VARGAS,

did knowingly and willfully combine, conspire, and agree with each other and with others known and unknown to the Grand Jury, to commit or aid and abet the concealing, harboring, and shielding of one or more illegal aliens from detection within the United States, for commercial advantage or financial gain.

In violation of Title 8, United States Code, Section(s) 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B) and Section 2.

### COUNT TWELVE

(8 U.S.C. §1324(a)(1)(A)(iii), and §1324(a)(l)(B)(i))
(Harboring for Commercial Advantage/private financial gain)

From a date unknown, but at least by November 30, 2005, to on or about November 29, 2007, in Collier County and De Soto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE,
GEOVANNI NAVARRETE,
JOSE NAVARRETE,
VILLHINA NAVARRETE,
ISMAEL MICHAEL NAVARRETE, and
ANTONIA ZUNIGA VARGAS,

did knowingly and in reckless disregard of the fact that an alien or aliens had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield one or more illegal aliens from detection within the United States, for commercial advantage and financial gain.

10

All in violation of Title 8, United States Code, Section(s) 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

## COUNT THIRTEEN

(18 U.S.C. §1546(a))(possession/use of fraudulent documents)

From on or about November 30, 2005, until on or about November 30, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE,
GEOVANNI NAVARRETE,
JOSE NAVARRETE,
VILLHINA NAVARRETE,
ISMAEL MICHAEL NAVARRETE, and
ANTONIA ZUNIGA VARGAS

did knowingly forge, counterfeit, alter, and falsely make alien registration receipt prescribed by statute or regulation as evidence of authorized stay and employment in the United States and did utter, use, attempt to use, possess, obtain, accept, and receive such documents, knowing them to be forged, counterfeited, altered, and falsely made, and to have been procured by false claims or statements, and to have been otherwise procured by fraud and unlawfully obtained.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT FOURTEEN

(42 U.S.C. §408 (A)(7)(B)) (identity theft)

From on or about November 30, 2005 until on or about November 30, 2007, in Collier County and DeSoto County, in the Middle District of Florida, and elsewhere, defendants,

CESAR NAVARRETE,
GEOVANNI NAVARRETE,
JOSE NAVARRETE,
VILLHINA NAVARRETE,
ISMAEL MICHAEL NAVARRETE, and
ANTONIA ZUNIGA VARGAS

for the purpose of obtaining a thing of value from a person, that is, for employment notwithstanding his or her ineligibility under Federal law, as an alien, to be hired, did knowingly and with the intent to deceive, falsely represent a number to be the social number assigned by the Commissioner of Social Security, to wit:

CESAR NAVARRETE - Social Security #519-24-XXXX (Abraham Mendoza)

GEOVANNI NAVARRETE - Social Security #542-34-XXXX

JOSE NAVARRETE - Social Security #714-07-XXXX (Luis Trejo)

VILLHINA NAVARRETE - Social Security # 553-93-XXXX (Virginia Navarrete)
Social Security #563-67-XXXX (Jose Navarrete)

ANTONIA ZUNIGA VARGAS - Social Security #553-93-XXXX (Virginia Navarrete)

ISMAEL MICHAEL NAVARRETE - Social Security #545-97-XXXX

when in fact those numbers are not the social numbers assigned by the Commissioner of Social Security to the individuals as designated above.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT FIFTEEN

(8 U.S.C. §§1326(a) and (b)(1)) (felony re-entry)

On or about November 29, 2007, in Collier County in the Middle District of Florida, defendant,

CESAR NAVARRETE,

an alien of the United States who was convicted of a felony offense on or about March 6, 2000, and subsequently deported on or about July 8, 2003, knowingly and unlawfully entered and was found in the United States in Collier County, Florida without first having obtained the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, U.S.C. Section(s) 202(3), (4) and 557), to reapply for admission into the United States.

All in violation of Title 8, United States Codes, Section(s) 1326(a) and (b)(1).

## COUNT SIXTEEN

(8 U.S.C. §1326(a) (2)) (felony re-entry)

On or about November 29, 2007, in Collier County, Middle District of Florida, defendant,

JOSE NAVARRETE,

an alien of the United States who was deported on or about September 22, 2005, knowingly and unlawfully entered and was found in the United States in Collier County, Florida without first having obtained the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, U.S.C. Section(s) 202(3), (4) and 557), to reapply for admission into the United States.

All in violation of Title 8, United States Codes, Section 1326(a) (2).

## COUNT SEVENTEEN

(8 U.S.C. §1326(a) (2)) (felony re-entry)

On or about November 13, 2007, in Collier County, Middle District of Florida, defendant,

ISMAEL MICHAEL NAVARRETE,

being an alien of the United States who was deported on or about December 7, 2005, knowingly and unlawfully entered and was found in the United States in Collier County, Florida without first having obtained the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, U.S.C. Section(s) 202(3), (4) and 557), to reapply for admission into the United States.

All in violation of Title 8, United States Codes, Section 1326(a) (2).

## **FORFEITURES**

1.  The allegations contained in Counts Two through Thirteen of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 1594(b), Title 28, United States Code, Section, 2461(c), Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982.

2.  From their engagement in any and all violations alleged in Counts Two through Ten of this Superseding Indictment, the defendants,

CESAR NAVARRETE, and
GEOVANNI NAVARRETE

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1594(b) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offenses alleged; and any property, real and personal, constituting or derived from, any proceeds that the defendants obtained, directly or indirectly, as a result of the commission of the offenses alleged.

3. From their engagement in any and all violations alleged in Counts Eleven through Thirteen of this Superseding Indictment, the defendants,

CESAR NAVARRETE,
GEOVANNI NAVARRETE,
JOSE NAVARRETE,
VILLHINA NAVARRETE,
ISMAEL MICHAEL NAVARRETE, and
ANTONIA ZUNIGA VARGAS

shall forfeit to the United States of America, pursuant to Title 8, United States Code, Section 1324(b), Title 28, United States Code, 2461(c) and Title 18, United States Code, Section 982, any and all right, title, and interest they may have in any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendants are convicted; and any property real and personal -- that constitutes, or is derived from, or is traceable to proceeds obtained, directly or indirectly, from the commission of the offense, of which the defendants are convicted; or that is used to facilitate, or is intended to be used to facilitate the commission of which the defendants are convicted.

4. Specific property to be forfeited, pursuant to Title 18, United States Code, Section 1594(b), Title 28, United States Code, Section, 2461(c), Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982 as alleged in paragraphs 2 and 3 of the Forfeitures, include, but are not limited to, the following:

    a. A residence located at 209 South 7th Street, Immokalee, Florida, 34142, consisting of, but not limited to a single story residential home;

    b. U.S. currency in the amount of $13,764 seized from the above-described residence; and

        c.        a money judgment in the amount of the proceeds obtained by the defendants as a result of the commission of the offenses.

    5.        If any of the property described above, as a result of any act or omission of the defendants:

        a.        cannot be located upon the exercise of due diligence;

        b.        has been transferred or sold to, or deposited with, a third party;

        c.        has been placed beyond the jurisdiction of the court;

        d.        has been substantially diminished in value; or

        e.        has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated: 1/16/08

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
Douglas Molloy
Chief Assistant United States Attorney
Southwest Florida Division, Middle District of Florida

By: _____
*for* Adelaide G. Few
Assistant United States Attorney
Asset Forfeiture

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: _____
Susan French
Trial Attorney
Human Trafficking Unit
Criminal Section

17

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

Cesar Navarrete, a/k/a Cesar Navarrete, and a/k/a Abraham Mendoza
Geovanni Navarrete, a/k/a Giovanni Navarrete
Jose Navarrete, a/k/a "Pepe", and a/k/a Luis Trejo
Villhina Navarrete, a/k/a Virginia Navarrete
Ismael Michael Navarrete, a/k/a Michael Navarrete, a/k/a Juan Juarez,
a/k/a Juan Zuniga Ramirez, and a/k/a Israel Navarrete
Antonia Zuniga Vargas, a/k/a Antonia Zuniga, and a/k/a Antonia Navarrete Suniga

## INDICTMENT

Violations:
8 U.S.C. §1324(a)(1)(A)(iii)
8 U.S.C. §1324(a)(1)(A)(v)(I)
8 U.S.C §1324(a)(1)(B)(i)
8 U.S.C. §1326(a)(2)
8 U.S.C. §1326(a) and (b)(1)
18 U.S.C. §§2, 241, 982, 1546, 1581, 1584, 1594
42 U.S.C. §408(A)(7)(B)
8 U.S.C. §1324(b) (Forfeiture)

A true bill,

_____
Foreperson

Filed in open court this 16th day
of January, A.D. 2008.

_____
Clerk

Bail  $ _____