# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**UNITED STATES OF AMERICA**

-vs-

**CESAR NAVARRETE**

Case Number: 207-cr-136-FtM-29DNF

USM Number: 34445-018

Joseph Viacava (Retained)
Post Office Drawer 8
Fort Myers, FL 33901

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One Eleven, Fourteen & Fifteen of the Second Superceding Indictment. Accordingly, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 241 | Conspiracy to Deprive the Civil Rights of Undocumented Foreign Nationals through involuntary Servitude | December 20, 2007 | One |
| 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(i) | Conspiracy to Harbor Illegal Aliens for Commercial Advantage and Private Financial Gain | November 29, 2007 | Eleven |
| 42 U.S.C. § 408(a)(7)(B) | Falsely Representing Social Security Numbers | November 30, 2007 | Fourteen |
| 8 U.S.C. § 1326(b)(1) | Illegal Reentry by an Alien Previously Convicted of a Felony | November 29, 2007 | Fifteen |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 125 S. Ct. 738 (2005).

**The Original Indictment, The Superceding Indictment, and Counts Two through Ten, Twelve & Thirteen of the Second Superceding Indictment are dismissed on motion of the United States.**

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: December 19, 2008

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

December 24, 2008

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 Months as to each of Counts One, Eleven & Fifteen to be served concurrently. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 Months as to Count Fourteen to be served consecutively to the terms of imprisonment in Counts One, Eleven & Fifteen.

The Court recommends to the Bureau of Prisons:

1. Participation in the Institution Hearing Program with the Federal Bureau of Prisons to determine the defendant's removal status.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of Three (3) Years as to each of Counts One, Eleven, Fourteen & Fifteen. Said terms of supervised release are to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page. Said term is to be **unsupervised** provided the defendant leaves and does not re-enter the United States. Should he be deported, he shall not re-enter the United States without the express permission of the Secretary of the Department of Homeland Security. Should the defendant leave and subsequently re-enter the United States prior to expiration of the supervised release term, he shall report immediately to the U.S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person

    convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall have no contact with the victims in this case (See attached list, page 7).

2. If the defendant's removal status is not resolved while he is incarcerated, then pursuant to 18 U.S.C. §3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if removal is appropriate. Should removal be ordered, the defendant is to remain outside the United States, unless authorized by the Secretary for the Department of Homeland Security or the appropriate immigration authority.

3. Having been convicted of a qualifying felony offense, the defendant shall cooperate with the Probation Office in the collection of DNA, if not already collected by the Bureau of Prisons.

4. The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 (Due Immediately) | Waived | $239,883.36 (See Attached List) |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**Restitution: $239,883.36, Joint and Several with:**

**Case No. 2:07-cr-136-FtM-29DNF**
**Jose Navarrete, Geovanni Navarrete, Villhina Navarrete, Ismael Navarrete**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

AO 245B (Rev. 3/01) Judgment in a Criminal Case

**Case No. 2:07-cr-136-FtM-19DNF**

Restitution as follows:

*Total Restitution*                                            *$ 239,883.36*

Ramiro Roblero                     $12,101.22
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Adrian Perez Silva                 $14,548.82
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Jose Hilario Medel                 $41,167.10
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Joel Perez Luna                    $43,503.42
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Jorge Reyes                        $13,621.78
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Jose Vazquez                       $38,001.94
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Ausencio Rios                      $9,727.56
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Praccedes Slas Gonzalez            $11,951.22
    c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137

Mariano Lucas Domingo              $55,260.30
c/o Ana Isabel Vallejo
    Florida Immigrant Advocacy Center
    3000 Biscayne Blvd., Suite 400
    Miami, Florida 33137